# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CITIZENS FOR A SAFE COMMUNITY, et al.,

    Plaintiffs,

v.

NYE COUNTY, et al.,

    Defendants.

Case No. 2:08-CV-01763-KJD-LRL

**ORDER**

Presently before the Court is Plaintiff's Motion to File Amended Pleadings and Consolidate to Add Additional Defendants (#72). Plaintiff filed an Errata (#74). Defendants NYE COUNTY and CORRECTIONS CORPORATION OF AMERICA filed Responses in Opposition (##75, 77). Also before the Court is the Motion of proposed Defendant PAVED to consolidate cases (#83).

**FACTUAL HISTORY**

The instant Motion to Amend Complaint seeks leave of the Court to file a Third Amended Complaint. The Proposed Third Amended Complaint seeks to add as Defendants the Office of Federal Detention Trustee and PAVED. The motion acknowledges the filing of a separate complaint against those parties on August 3, 2009 as District of Nevada Case 2:09-cv-1409-DAE containing the allegations which Plaintiffs seek to pursue through the Proposed Third Amended Complaint in this case.

Subsequent to the filing of the instant Motion, this Court, on September 30, 2009, entered its Order (#81) granting Defendant CORRECTIONS CORPORATION OF AMERICA's Motion to

Dismiss and granting Defendant NYE COUNTY's Motion for Summary Judgment. In Case No. 2:09-CV-1409-DAE, the Court has dismissed Defendant PAVED from the action.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2). Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court. Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir. 1962). District courts are directed to apply this rule with "extreme liberality." See, e.g., Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997). However, leave to amend is not absolute. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Among the factors mitigating against allowing parties to amend their pleadings are undue delay in litigation, prejudice to the opposing party, and futility for lack of merit. Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A showing of the factors overcomes the presumption in favor of granting leave to amend. See Eminence Capital, LLC. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

## DISCUSSION

Upon review of the Motion and for good cause shown, the Court denies Plaintiffs' Motion to file a Third Amended Complaint. The Motion is untimely and in violation of the Stipulated Discovery Plan and Scheduling Order (#68). The last date to file motions and to amend the pleadings or to add parties was July 8, 2009. Plaintiffs filed their Motion for Leave to Amend on August 13, 2009. The Proposed Amended Complaint includes parties who have been dismissed from this litigation. The Proposed Amended Complaint includes causes of action which this Court has found to be without merit.

Accordingly, reviewing the factors to be considered in deciding whether leave to amend should be granted, the Court finds that all of the factors weigh against permitting further amended pleadings in this case. First, Plaintiffs have unduly delayed in filing the Motion to Amend. While Plaintiffs argue that the Court should have decided their Second Motion to Amend earlier than it did,

there was nothing preventing them from filing a successive motion to amend before the Court decided a pending motion to amend.  From the outset, the Court repeatedly warned the Plaintiffs of the defects in their jurisdictional allegations.  Plaintiffs' delay was to suit their own purposes in this litigation.  The Court finds prejudice to opposing parties in granting a motion to amend which includes claims against parties who have been dismissed from the litigation.  The Court further finds prejudice in the delay of Plaintiffs in belatedly adding a party over whom the Court could exercise federal  jurisdiction.  Finally, the amendment would be futile.  To be able to continue the litigation in this case would necessitate the filing of a fourth amended complaint.  The pendency of Case 2:09-cv-1409-DAE in which Plaintiff, on March 15, 2010,  received permission to file another amended complaint against the sole remaining Defendant, Office of the Federal Detention Trustee, demonstrates that Plaintiffs will not be prejudiced by this denial.  Defendants have made an adequate showing of factors overcoming the presumption in favor of granting leave to amend.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion to File Amended Pleadings and Consolidate to Add Additional Defendants (#72) is **DENIED**.  IT IS FURTHER ORDERED that the Motion of Defendant PAVED to Consolidate (#83)  is **DENIED** as moot.

DATED this 29th day of March, 2010.

_____
United States District Judge
Kent J. Dawson